UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60053-CIV-COHN/SELTZER

LINDA D. BOLITHO,

    Plaintiff,

vs.

THE HOME DEPOT USA, INC.,

    Defendant.

_____/

ORDER

THIS CAUSE is before the Court on Plaintiff Linda D. Bolitho's Motion to Compel Production of Store Surveillance Video (DE 20) and was referred to the undersigned pursuant to 28 U.S.C. § 636 (DE 6).  The Court having considered the briefed Motion (DE 20, 21, 24, and 25) and being otherwise fully advised, it is hereby ORDERED that Defendant's objections are SUSTAINED and that Plaintiff's Motion to Compel is DENIED.

This is an action for personal injuries sustained by Plaintiff while on Defendant's premises.  See Notice of Removal at ¶2 and Complaint (DE 1) (alleging that Plaintiff was injured by an employee of Defendant and asserting a claim against Defendant for negligence).  While engaged in discovery, Plaintiff requested (from Defendant) production of "any video tape surveillance of the area where the incident occurred on the date of the incident."  Plaintiff's Request for Production at ¶12 (DE 21-1).  In response, Defendant objected to the request as privileged work-product[1] but stated that "[s]ubject to and without

---

[1] Plaintiff originally brought this negligence action in state court; Defendant removed it to this Court on diversity grounds. Substantive issues regarding privilege, therefore, are determined by state (Florida) law. See Reiser v. Wachovia Corp., No. 6:06-cv-795-Orl-19KRS, 2007 WL 1696033, at *1 (M.D. Fla. June 12, 2007) (noting that where a party

waiving [the objection] . . . that [Defendant] is in possession of store surveillance video that captured the alleged incident . . . [and that it] will be provided to the plaintiff immediately after her deposition."  Defendant's Response to Plaintiff's Request for Production at ¶12 (DE 21-2); see also Response at 2 (DE 24) (emphasizing that "on the same day of the accident, Plaintiff returned to [Defendant's] store approximately two hours later to report the incident" and "if [Defendant] had not copied and preserved the subject video tape because [at that point] it anticipated litigation, the video of the incident would have been taped over as is the practice of [Defendant] for surveillance videos taken in the ordinary course of business").

Plaintiff now moves the Court to compel Defendant to immediately produce the discovery at issue, contending that the video is not protected work product, or "even if work product . . . that [it] should not be withheld until after [Plaintiff's] deposition."  Reply at 4 (DE 25).  The Court, however, agrees with Defendant that here the video tape is protected work product and that utilizing the "[C]ourt's discretion to allow the discovery deposition before disclosure is an appropriate middle road to ensure that all relevant evidence reaches the trier of fact in a fair and accurate fashion."  Dodson v. Persell, 390 So. 2d 704, 708 (Fla. 1980) (holding that "(1) the existence of surveillance movies and photographs is discoverable in every instance; (2) the contents are discoverable if the materials will be used as evidence either substantively or for impeachment; (3) if the movies or photographs will not be used as evidence by the holder, the contents are discoverable only upon a showing of exceptional circumstances; (4) the party seeking discovery must be afforded

---

alleges a Florida state law claim, Florida law determines whether the requested materials are privileged); see also Motion (DE 20) and Response (DE 24) (acknowledging same).

a reasonable opportunity to observe the movies or photographs before their presentation as evidence; and (5) within the trial court's discretion, the surveilling party has the right to depose the party or witness filmed before being required to produce the contents of the surveillance information for inspection"); see also Response (DE 24) (agreeing to immediately provide the video to Plaintiff after her deposition).[2]

Accordingly, it is hereby ORDERED as follows:

1. Plaintiff's Motion to Compel Production of Store Surveillance Video (DE 20) is DENIED.

2. Immediately following the completion of Plaintiff's deposition, Defendant shall produce to Plaintiff a copy of the requested store surveillance video. If Defendant has not noticed Plaintiff's deposition, it shall do so forthwith, unless otherwise agreed by the parties.

DONE AND ORDERED in Fort Lauderdale, Florida, this 3rd day of June 2010.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

Honorable James I. Cohn
United States District Judge

All Counsel of Record

---

[2] Plaintiff alternatively contends that because Defendant's privilege log is deficient, she has waived the work product privilege and, therefore, must immediately produce the discovery (surveillance video) at issue. See Motion at 7-8 (DE 20 ); see also Reply at 4 (DE 25). The Court finds Plaintiff's (alternative) contention unpersuasive.