UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-60053-Civ-COHN/Seltzer

LINDA D. BOLITHO,

    Plaintiff,

v.

THE HOME DEPOT USA, INC.,

    Defendant.
_____/

## ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE ORDER

**THIS CAUSE** is before the Court upon Plaintiff's Appeal from and Objections to Magistrate's Order [DE 27] and Defendant's Response in Opposition [DE 28]. The Court has carefully considered the Appeal and Response, as well as the Magistrate's Order [DE 26], and is otherwise fully advised in the premises.[1]

### I. BACKGROUND

Plaintiff Linda Bolitho is suing Defendant The Home Depot for negligence. Plaintiff alleges she was injured when attempting to return a can of Minwax Fast-Drying Polyurethane at a service counter at one of Defendant's retail locations. Complaint, ¶ 8 [DE 1 at page 76]. She alleges that she suffered injury when an employee of Home Depot "opened the can to examine the contents, then attempted to close and seal it by smashing the lid of the can with a tool, causing the contents therein to splash onto

---

[1] There is no provision for Plaintiff to file a reply in support of its appeal. See Rule 4(a)(1) of the Magistrate Judge Rules contained in the Local Rules of the United States District Court for the Southern District of Florida.

Plaintiff's face, into her eye and into her mouth."  Compl., ¶ 9.  This action was originally filed in state court and removed to this court.

The incident in question was recorded on video because Home Depot routinely monitors the service counter for anti-theft purposes.  Plaintiff moved to compel production of the video footage [DE 20].  After the completion of briefing on the motion, United States Magistrate Judge Barry Seltzer entered an order denying Plaintiff's motion to compel, but directing Defendant to produce a copy of the store surveillance video immediately following the completion of the Plaintiff's deposition [DE 26].  Judge Seltzer concluded that the video was protected work product.  Plaintiff now appeals that decision.

## II.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1)(A), Magistrate Judges may decide non-dispositive motions.  Upon objection by a party, the District Court may reconsider any pretrial matter where it has been shown that the Magistrate Judge's order is "clearly erroneous or contrary to law."  See 28 U.S.C. § 636(b)(1); Massey v. United Transp. Union, 868 F. Supp. 1385, 1388 (S.D. Ga. 1994) (stating that a magistrate judge's order will be set aside when clearly erroneous or contrary to law), aff'd, 65 F.3d 183 (11th Cir. 1995).  Accordingly, unless Magistrate Judge Seltzer's determinations with respect to the discovery matters at issue were clearly erroneous, or contrary to law, those determinations shall not be disturbed.

### III. DISCUSSION

Plaintiff asserts that the store surveillance video cannot be attorney work product because it was not created in anticipation of litigation. There is no dispute that Home Depot routinely monitors its service counters by video. In this case, Judge Seltzer accepted Defendant's argument that once Plaintiff returned to the store two hours later to report the incident, Defendant then copied and preserved the video because at that point Defendant anticipated litigation. Defendant asserts that had it not taken the steps to preserve the video in anticipation of litigation, the video would have been routinely copied over and not preserved per Home Depot policy. Plaintiff argues that the video is not protected work product and should be produced immediately (i.e., prior to Plaintiff's July 9, 2010 deposition).

The Magistrate Judge relied upon Dodson v. Persell, 390 So. 2d 704 (Fla. 1980), for his conclusion that production of the surveillance video can be delayed until after a plaintiff's deposition. On the issue of the timing of production, this Court concludes that the Magistrate's decision is not clearly erroneous nor contrary to law, as the Florida Supreme Court held that the timing of the disclosure is within a trial court's discretion. Dodson, 390 So.2d at 705.

Plaintiff has a stronger argument that the video is not work product in the first place. There is no question that the surveillance video is routinely taken as an anti-theft device. However, the Magistrate Judge accepted Defendant's argument that the preservation and copying of the video was made after Plaintiff reported the incident, and therefore at that point, Defendant reasonably anticipated litigation.

In its Appeal, Plaintiff relies upon Kmart Corp. v. Sundmacher, 997 So. 2d 1158 (Fla. Dist. Ct. App. 2009), wherein the appellate court compelled discovery of photographs taken by a plaintiff at the time of the accident.  The court concluded that because the photographs were not available to the defendant, disclosure was compelled.  997 So. 2d at 1160.  However, this decision did not discuss the confines of the work product privilege, nor did it address the timing of the disclosure.[2]  Rather, this decision supports the ruling that Plaintiff is entitled to receive the video during discovery.

Plaintiff also relies upon Chavannes v. Protective Life Ins. Co., 232 F.R.D. 698 (S.D. Fla. 2006), wherein a magistrate judge compelled production of certain videos held by the plaintiff.  However, that decision reflects that the plaintiff's counsel did not make a "tenable" argument in support of the work product privilege.  232 F.R.D. at 701.

Plaintiff in this action argues that the "mere, remote possibility" of litigation cannot support the work product privilege.  Work product protection, however, extends to "materials prepared in connection with an occurrence or circumstance reasonably indicating prospective litigation over a specific matter."  Neighborhood Health Partnership, Inc. v. Peter F. Merkle, M.D., P.A., 8 So. 3d 1180, 1184 (Fla. Dist. Ct. App. 2009); citing Hickman v. Taylor, 329 U.S. 495 (1947) and Southern Bell Telephone and Telegraph Co. v. Deason, 632 So. 2d 1377 (Fla. 1994).  Applying this standard to the present case, this Court cannot conclude that Judge Seltzer's legal conclusion was

---

[2] Although the opinion references a deposition of defendant's corporate representative, the court did not address the issue of the timing of production.

contrary to law -- once Plaintiff returned to the store to report the incident, there was no longer a remote possibility, but a reasonable likelihood that prospective litigation over the incident would ensue.

## IV. CONCLUSION

The Court therefore concludes that the objections to Judge Seltzer's order should be overruled. Even if this Court would have decided the matter differently on a *de novo* review, the Court sees no unfairness in requiring Plaintiff to sit for deposition and describe the events that she personally experienced without the benefit of first viewing the video of the incident.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Appeal from and Objections to Magistrate's Order [DE 27] are hereby **OVERRULED**;

2. Immediately following the completion of Plaintiff's deposition, Defendant shall produce to Plaintiff a copy of the requested store surveillance video.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 29th day of June, 2010.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record on CM/ECF

5