UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-60053-Civ-COHN/Seltzer

LINDA D. BOLITHO,

    Plaintiff,

v.

THE HOME DEPOT USA, INC.,

    Defendant.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE EXPERT PAUL GILWITT

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Strike Defendant's Expert Dr. Paul Gilwitt [DE 55], Defendant's Response to Plaintiff's Motion [DE 57], and Plaintiff's Reply [DE 58]. The Court has carefully considered the filings and is otherwise fully advised in the premises. The motion became ripe on October 4, 2010.

Plaintiff seeks to strike one of Defendant's experts, Dr. Paul Gilwitt, for the failure of Defendant to timely provide his report to Plaintiff. The expert report deadline was originally July 14, 2010, but later moved to August 12, 2010, when the Court continued the trial in this case [DE 42].[1] Expert discovery, with one exception, ended on August 6, 2010 [DE 11]. Defendant disclosed two expert witnesses on August 4, 2010, but merely provided a one-paragraph summary of their testimony, not an expert report in compliance with Local Rule 16.1.K [DE 37]. Dr. Gilwitt's report, based solely upon a medical records review and not upon a physical examination of Plaintiff, was received

---

[1] When no separate deadline is set by the Court, Local Rule 16.1(k) provides that expert summaries or reports are due ninety (90) days prior to the Calendar Call. The Court concludes in this matter that the one paragraph description in the August 4, 2010 expert disclosures does not constitute the summary required by Rule 16.1(k).

by Defendant on September 8, 2010, but was not provided to Plaintiff until September 27, 2010, six and one-half weeks after the deadline.  Defendant's Response, ¶ 3.  Defendant contends this was an oversight.

This is not the first time Defendant has not been able to keep to the Court's deadlines.  Upon motion by Defendant [DE 39/41] because of counsel's calendaring error, the Court extended the discovery deadline solely for the medical evaluation of Plaintiff by a neurologist, Dr. Embry, and one fact witness.  The briefing of Defendant's motion on August 13, 2010 with regard to an extension for Dr. Embry did not mention Dr. Gilwitt, nor was an extension granted as to Dr. Gilwitt.  The lack of timely production of Dr. Gilwitt's report was occurring during this same time period.

Defendant argues that its late production of Dr. Gilwitt's report is Plaintiff's fault, because Plaintiff should have asked Defendant for the report.  Defendant also contends that Plaintiff's motion to strike is untimely under Local Rule 26.1(h), which provides that the deadline for filing of a discovery motion is thirty (30) days from the occurrence of the grounds for the motion, absent reasonable cause for a later filing.  The Court concludes in this case that Plaintiff has shown reasonable cause for not moving to strike until two days after Defendant finally produced Dr. Gilwitt's report.  Defendant had an <u>affirmative duty</u> to timely provide expert reports to Plaintiff.  Plaintiff filed its motion two days after receiving the report, which in turn was two days prior to the motion in limine deadline.

Plaintiff has also shown sufficient prejudice to warrant the striking of the late report.  The report was produced over seven weeks after the end of expert discovery, and just prior to the motion in limine deadline.  Plaintiff did not have any notice that a report from Dr. Gilwitt was still forthcoming, following the passage of over a month after

2

his initial disclosure on August 4, 2010.  There is little prejudice to Defendant, as it already has another medical expert prepared to testify.

Accordingly, it is **ORDERED AND ADJUDGED** that  Plaintiff's Motion to Strike Defendant's Expert Dr. Paul Gilwitt [DE 55] is hereby **GRANTED**;

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 6th day of October, 2010.

_____
JAMES I. COHN
United States District Judge

Copies provided to counsel of record on CM/ECF