UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-60053-Civ-COHN/Seltzer

LINDA D. BOLITHO,

     Plaintiff,

v.

THE HOME DEPOT USA, INC.,

     Defendant.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Defendant's Motion for Reconsideration Regarding the Order Granting Plaintiff's Motion to Strike Defendant's Expert Dr. Paul Gilwitt [DE 60], Plaintiff's Response to Defendant's Motion [DE 66], and Defendant's Reply [DE 67].  The Court has carefully considered the filings and is otherwise fully advised in the premises.  The motion became ripe on October 22, 2010.

The Court previously granted Plaintiff's motion to strike Dr. Paul Gilwitt, one of Defendant's experts, for the failure of Defendant to timely provide his report to Plaintiff by the extended deadline of August 12, 2010.  Defendant now moves for reconsideration.  Plaintiff opposes the motion.

Defendant asserts that Plaintiff has suffered no prejudice and still has time to take Dr. Gilwitt's deposition if the Court reconsidered the prior ruling.   Defendant notes correctly that it disclosed Dr. Gilwitt on August 4, 2010 and provided a one-paragraph summary of his testimony.  Finally, Defendant argues that the prejudice to the Defendant is great because Dr. Gilwitt is Defendant's only specialist in ophthalmology. Plaintiff opposes the motion as simple re-argument of the prior motion.

There are three grounds which justify the filing of a motion for reconsideration: "1) an intervening change in controlling law; 2) the availability of new evidence; and 3) the need to correct clear error or prevent manifest injustice." Williams v. Cruise Ships Catering & Service Int'l, N.V., 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004); Reyher v. Equitable Life Assur. Soc., 900 F. Supp. 428, 430 (M.D. Fla. 1995). A motion for reconsideration is not intended to be a tool for relitigating what a court has already decided. Reyher, 900 F. Supp. at 430. Rather, it "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. (internal quotations omitted).

The Court concludes that its prior ruling need not be changed. The only proper legal ground raised by Defendant is that the Court should prevent manifest injustice. Striking Dr. Gilwitt does not create manifest injustice in this action. All of the arguments made by Defendant in the present motion were considered by the Court in its prior ruling striking Dr. Gilwitt. The fact remains that the expert report was turned over several weeks late and after discovery had closed (except for an extension for one deposition).

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Reconsideration Regarding the Order Granting Plaintiff's Motion to Strike Defendant's Expert Dr. Paul Gilwitt [DE 60] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 28th day of October, 2010.

JAMES I. COHN
United States District Judge

Copies provided to:

counsel of record on CM/ECF